## PEOPLE v. McCARTHY.

### No. 20,396; June 30, 1888.

#### 18 Pac. 862.

**Embezzlement—Defendant as Witness—Cross-examination.—On** trial for embezzling $550 received by defendant on a certain state warrant, it is not error to cross-examine him as to whether he had received money on other state warrants.

APPEAL from Superior Court, City and County of San Francisco; J. F. Sullivan, Judge.

John W. McCarthy was indicted for embezzling $550, received by him on warrant No. 7999 while clerk of the supreme

court of California.    Having testified in his own behalf, he was cross-examined as follows: ''Did you receive that warrant from the treasurer—No. 8706? Is that your signature on the back of that warrant?'' The defendant objected to the question on the ground that it was not proper cross-examination, it is not the warrant of the state, and it is irrelevant and immaterial. The court overruled the objection, and allowed the question, to which ruling the defendant then and there excepted; and, the question being repeated, the defendant dclined to answer on the ground that the answer would tend to convict him of a felony, under instructions of his counsel, and his statement that if witness answered the question he would leave the case.    The court permitted the witness to decline to answer on the grounds given, and on no other grounds.    The district attorney, subject to the same objection, ruling, and exception, and the further objection that it is improper to ask a question lumping all the warrants together, asked the following question: ''Did you receive the money on each one of these warrants, 1692, 3181, 1233, 4000, and 4727?''    The witness declined to answer, for the same reason given above.    ''Question by District Attorney: How much money did you owe to Mr. Hellman of Los Angeles? How is it that you did not pay them all?    Mr. Baggett for Defendant: You can take the benefit of the instruction given you by counsel, and not answer that 'question.'    The Court: I will allow the question. By Mr. Graves, District Attorney: You decline to answer the question?    A. Yes, sir.    Q. On the ground that it would tend to criminate you?    A. Yes, sir; of another crime.    Q. I notice that in the month of October, 1885, here, which corresponds to the voucher here, you have got eleven of them marked 'Paid,' and fourteen, 'Unpaid.'    What did you do with the balance of that money?    Mr. Ferral: We object, as not being cross-examination at all.    The Court: I think it comes under the line of cross-examination.    The objection is overruled.    Mr. Ferral: Note an exception.    Q. Where did you get that money?    Mr. Ferral: That is the same thing. This is not cross-examination, but in furtherance of their own examination.''

W. T. Baggett, W. W. Foote and T. C. Coogan for appellant; George A. Johnson, attorney general, for the people.

PER CURIAM.—The court is of opinion that the cross-examination of defendant was without error. We find no error in the record and the judgment and order are affirmed.

McFarland, J., dissenting.